MRS. THOMAS L. BAILEY, STATE TAX COLLECTOR *v.* ASSOCIATES LOAN CO.

October 26, 1953

No. 38962 40 Adv. S. 1 67 So. 2d 496

See headnotes, General Contract Corp., et al. v. Mrs. Thomas L. Bailey, State Tax Collector, No. 39049, *ante.*

*John G. Burkett, Pyles & Tucker,* Jackson, for appellant.

514

*Wright, Overstreet & Kuykendall,* Jackson, for appellee.

ROBERDS, P. J.

Appellee paid the privilege tax for lending money secured by liens upon personal property as required by Section 9341, Miss. Code 1942, Recompiled. This proceeding was instituted by the State Tax Collector to collect from appellee a privilege tax on behalf of the municipalities of Jackson, Gulfport and Meridian under Section 9696-135 of the same Code. Appellee, by plea, set up as one defense that the tax which it had paid was for state-wide privilege, which prevented imposition of the local tax under 9696-135. Appellee also denied that it had loaned money at a greater rate of interest than 15

per cent per annum. The learned trial judge sustained the first contention, and left open and undecided the question of fact whether interest had been charged at a greater rate than 15 per cent per annum. From the judgment of the circuit court the Tax Collector appeals.

The case of General Contract Corporation, et al. v. Mrs. Thomas L. Bailey, State Tax Collector, No. 39,049, this day handed down, has decided the question against the contention of appellee.

Reversed and remanded.

All Justices concur except *Hall, J.,* who took no part in the decision of this case.

***

ON SUGGESTION OF ERROR

December 14, 1953 46 Adv. S. 1 68 So. 2d 476

LOTTERHOS, J.

In undertaking to re-argue its contention that the court below properly sustained its plea in bar setting up that it had paid the state-wide finance company tax (Secs. 9341-9346, Code of 1942) in lieu of any tax under Section 132, Chapter 137, Laws of 1944 (Sec. 9696-135, Code of 1942), appellee states that we erred in assuming that the question was foreclosed by General Contract Corporation v. Bailey, State Tax Collector, Miss., 67 So. 2d 485. We recognized in that case that the facts were such that the decision of the inapplicability of Section 9344 as a defense might have been placed on other grounds than the consideration and interpretation of the various statutes involved. But we preferred to plant the decision directly on that ground, because we had fully considered the basic legal proposition in the conferences on that case and on the instant case, and both opinions were being rendered on the same day. We are satisfied that we were correct in holding that the finance company tax does not include the privilege of

lending money at a greater rate of interest than fifteen per cent, and therefore is not in lieu of the tax imposed by Section 9696-135, Code of 1942.

Appellee also brings into the suggestion of error Section 5586, Code of 1942, and raises various questions of the possible conflict of that statute (taxing the lending of money at a rate greater than twenty per cent) and Section 9696-135 (taxing such lending at a rate greater than fifteen per cent). Those questions are not before us on this record, and we will pass on them if and when hereafter presented. However, we comment that appellee seems to assume that Section 5586 imposes a state-wide tax, rather than a local or state tax, which may be an erroneous assumption. Under the privilege tax code in effect prior to 1944 the distinction between ''state'' privilege taxes and ''state-wide'' privilege taxes was well defined (Sec. 9427, Code of 1942, original Vol. 7); and Section 5586 provides a tax payable ''to the state,'' almost identical in terms with the state tax formerly imposed by Section 9574, Code of 1942 (original Vol. 7), which is now superseded by Section 9696-135.

Suggestion of error overruled.

All Justices concur.